UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JOEL D. CRAFTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:19-00229-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| FRANCISCO QUINTANA, ET AL., | ) | **OPINION** |
| | ) | **&** |
| Defendants. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**I**

Joel D. Crafton is an inmate at the United States Penitentiary (USP) in Atlanta, Georgia. Proceeding without a lawyer, Crafton filed a civil rights complaint with this Court regarding events that allegedly occurred while he was incarcerated in this district. [R. 1.]

The Court conducted an initial screening of Crafton's complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). [R. 10.] While the Court dismissed some of Crafton's claims, it allowed him to proceed on his Eighth Amendment deliberate indifference claims against five federal prison employees in their individual capacities, as well as his Federal Tort Claims Act (FTCA) claim against the United States of America. [*See id.*]

The defendants have now filed a motion to dismiss Crafton's complaint or, in the alternative, a motion for summary judgment. [Rs. 20, 21.] Crafton then filed a response in opposition [R. 28], and the defendants filed a reply brief [R. 29.] Thus, the defendants' dispositive motion is now ripe for a decision. For the reasons set forth below, Crafton's Eighth Amendment claims against the individual defendants are **DENIED** but the Court will allow him to go forward on his FTCA claim against the United States.

**II**

Crafton alleges in his complaint that, in October of 2017, while he was incarcerated at USP-McCreary in Pine Knot, Kentucky, he fell off a top bunk and was injured. [*See* R. 1 at 2.] Crafton then alleges that, shortly thereafter, he sought medical attention but was provided legally inadequate care by at least three prison officials at USP-McCreary: (1) J. West, an Advance Practice Registered Nurse; (2) C. Cunnagin, a Doctor of Osteopathic Medicine; and (3) A. Lawson, a Registered Nurse. [*See id.* at 2-8.]

Crafton further alleges that, in November of 2017, he was transferred to the Federal Medical Center, a different prison located in Lexington, Kentucky. [*See* R. 1 at 9.] Crafton then alleges that, while he was incarcerated at that facility, prison officials placed him in a special housing unit, and, thus, he was denied access to physical therapy. [*See id.* at 9, 12-13.] Specifically, Crafton claims that two FMC-Lexington officials—(1) Warden Francisco Quintana and (2) Captain Carpenter—refused to release him from a special housing unit for eight months "for no reason other than their own personal satisfaction to ship me out," and, as a result of this decision, he was "deni[ed] physical therapy." [*Id.*] Crafton then alleges that, eventually, in December of 2018, he was returned to USP – McCreary before being later transferred to the USP in Atlanta. [*See id.* at 9.]

Eventually, in September of 2019, Crafton filed his civil rights complaint with this Court. Crafton sues the three medical professionals at USP-McCreary and the two prison officials at FMC-Lexington pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Crafton also pursues a FTCA claim against the United States. He is seeking $50,000 in damages. That said, the defendants are now moving to dismiss Crafton's complaint or, in the alternative, seeking summary judgment. Since the parties have fully briefed that motion, it is ripe for a decision.

2

### III

### A

The Court will first dismiss Crafton's *Bivens* claims against J. West, C. Cunnagin, and A. Lawson, the three medical professionals at USP-McCreary. That is because Crafton's claims against these defendants are time barred.

Although Congress has not formally articulated a statute of limitations period for *Bivens* claims, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The conduct giving rise to Crafton's Eighth Amendment claims against J. West, C. Cunnagin, and A. Lawson occurred in Kentucky, at USP-McCreary. Thus, Kentucky's one-year statute of limitations for personal injury claims applies. *See* Ky. Rev. Stat. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003) ("*Bivens* claims have a one-year statute of limitations under Kentucky law"). Crafton, therefore, was required to bring his *Bivens* claims against these specific defendants within one year. *See Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015).

In this case, Crafton pursues claims against J. West, C. Cunnagin, and A. Lawson for conduct that allegedly occurred no later than November of 2017, when he was transferred from USP-McCreary to FMC-Lexington. [*See* R. 1 at 2-8.] However, Crafton did not file his complaint in this case until September of 2019. [*See* R. 1.] Thus, Crafton's claims against these medical professionals at USP-McCreary are clearly time barred.

To be sure, the Court recognizes that the one-year limitations period would have been tolled while Crafton exhausted his administrative remedies under the Bureau of Prisons' Inmate Grievance Program. *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). But there is no indication in the record that Crafton even attempted to pursue administrative claims against any

3

of these specific USP-McCreary employees before the statute of limitations had already run.[1] Therefore, Crafton's *Bivens* claims against the USP-McCreary defendants are simply untimely. As a result, the Court will dismiss those claims with prejudice.

## B

The Court will also dismiss Crafton's *Bivens* claims against FMC-Lexington Warden Quintana and Captain Carpenter. That is because Crafton's complaint fails to state an Eighth Amendment claim against either defendant.

It is true that, under certain circumstances, a prisoner can establish an Eighth Amendment violation if he is provided inadequate medical care. However, that prisoner must satisfy two components—one objective and one subjective. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). To satisfy the objective component, the prisoner must allege a sufficiently serious medical need. *Id.* To satisfy the subjective component, the prisoner must allege facts which "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* (quoting *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001)).

Here, even if the Court assumes that Crafton has alleged a sufficiently serious medical need, he has not alleged that either Warden Quintana or Captain Carpenter acted with mens rea required to satisfy the subjective prong of a deliberate indifference claim. In fact, Crafton's allegations against these defendants are very thin. [*See* R. 1 at 13.] Indeed, it appears that

---

[1] At one point in Crafton's complaint, he does imply that he intended to pursue administrative claims against these defendants. Indeed, Crafton says, "Upon my return to USP-McCreary on December 11, 2018, I was going to file BP Remedy grievance claim, [but] I was informed by my counselor, Mr. Keith, [that] it wouldn't be necessary if I was going to file a medical tort claim on the case." [R. 1 at 9.] However, even if Crafton's allegations on this point are true, more than one year had already passed since November 2017, when the three named USP-McCreary employees allegedly provided him with inadequate medical care. And since Crafton does not appear to complain about the conduct of these specific defendants at some later point in time, his alleged intention to start the administrative grievance process against these defendants in December 2018 is immaterial.

4

Crafton's only relevant allegation is that Warden Quintana and Captain Carpenter refused to release him from a special housing unit for eight months "for no reason other than their own personal satisfaction to ship me out," and, as a result of this decision, he was "deni[ed] physical therapy." [*Id.*] But, as best as the Court can tell, Crafton does not allege that these defendants were directly or indirectly aware of his specific need for physical therapy, let alone disregarded that need or otherwise acted with the culpable mental state required to constitute cruel and unusual punishment. Thus, Crafton's Eighth Amendment claims against these defendants are simply unavailing. As a result, the Court will dismiss those claims with prejudice as well.[2]

### C

That only leaves Crafton's FTCA claim. While the United States asks the Court to dismiss that claim or, alternatively, grant summary judgment in its favor, the Court will deny that request, at least at this time. That is because Crafton has not yet had the opportunity to gather the expert testimony needed to establish that claim.

The United States is correct that, under Kentucky law, which is applicable here, a plaintiff is generally required to put forth expert testimony to establish the relevant standard of care, any breach of that standard, causation, and the resulting injury. *See Blankenship v. Collier*, 302 S.W.3d 665, 667, 675 (Ky. 2010); *Jackson v. Ghayoumi*, 419 S.W.3d 40, 45 (Ky. Ct. App. 2012). Moreover, the Kentucky courts have clearly said that, "[t]o survive a motion for summary judgment in a . . . case in which a medical expert is required, the plaintiff must

---

[2] It appears that Crafton also failed to exhaust his administrative remedies with respect to any claims against these prison officials, especially Captain Carpenter. As the defendants point out [*see* R. 20-1 at 15-16], while Crafton filed a number of grievance forms during his time at FMC-Lexington, only one set of forms was even arguably relevant to the issues at hand. [*See* R. 20-3 at 53-56.] And, with respect to those forms, Crafton never names Captain Carpenter in his submissions, does not appear to request physical therapy, and only indicated that he had "medical issues that need[ed] [to be] cared for" at the regional appellate level, not in his initial submission to the Warden. [*See id.*]

5

produce expert testimony or summary judgment is proper." *Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. Ct. App. 2006). As the United States points out, Crafton has not yet provided expert testimony to support his claim.

The United States is also correct that the "common knowledge" exception to the expert witness rule would likely not apply to Crafton's claim. That is because the exception only applies in situations in which "any layman is competent to pass judgment and conclude from common experience that such things do not happen if there has been proper skill and care." *Id.* In fact, the exception is "illustrated by cases where the surgeon leaves a foreign object in the body or removes or injures an inappropriate part of the anatomy." *Id.* This case, involving specific questions about the timing, type, and adequacy of medical treatment, does not appear to be as clear cut. Thus, Crafton may need expert testimony to establish his claim.

Still, given the unique facts of this case, it would be premature to resolve Crafton's FTCA claim at this early stage in the litigation. After all, Crafton has not yet had the opportunity to engage in discovery and thus gather the expert testimony needed to prove up his claim. In short, while the United States' arguments are well taken, they are also premature at this point. *See also Lytle v. United States*, No. 5:18-cv-059-KKC-HAI, at R. 35 at 7-9 (E.D. Ky. Oct. 23, 2018) (likewise allowing a *pro se* prisoner to proceed to discovery on his FTCA claim despite the United States' arguments regarding the need for expert testimony).

## IV

In light of the foregoing analysis, it is **ORDERED** as follows:

1. The defendants' dispositive motion [**R. 20**] is **GRANTED IN PART** and **DENIED IN PART**.

2. Crafton's *Bivens* claims against the five individual defendants—West, Cunnagin, Lawson, Quintana, and Carpenter—are **DISMISSED** with prejudice.

3. That said, Crafton may **PROCEED** on his FTCA claim against the United States. That is Crafton's only remaining claim in this case.

4. Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge to conduct all further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions.

5. The Clerk's Office shall **ASSIGN** this matter to a Magistrate Judge.

This 1st day of February, 2021.

Gregory F. Van Tatenhove
United States District Judge