UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| JOEL DENNIS CRAFTON, | ) ) ) | |
| Plaintiff, | ) ) | No. 6:19-CV-229-GFVT-HAI |
| v. | ) ) ) | RECOMMENDED DISPOSITION |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Former prisoner Joel Dennis Crafton brought this *pro se* action in September 2019, alleging improper medical care at USP McCreary and FMC Lexington in Kentucky. D.E. 1. Upon initial screening, District Judge Van Tatenhove dismissed several claims, but allowed a claim against the government under the Federal Tort Claims Act ("FTCA") to proceed, as well as "Eighth Amendment deliberate indifference claims against the five individual defendants." D.E. 10. On April 10, 2020, the defendants moved for dismissal or, alternatively, for summary judgment. D.E. 20. In February 2021, Judge Van Tatenhove granted the motion in part, leaving only Crafton's medical negligence claim against the United States under the FTCA. D.E. 30.

Crafton alleges he received inadequate medical care after he fell off his top bunk at USP McCreary in October 2017. He alleges this inadequate care continued after his subsequent transfer to FMC Lexington, where he was placed in a special housing unit and denied physical therapy.

In allowing Crafton's FTCA claim to proceed, Judge Van Tatenhove made clear that, to prove his claim, it was necessary for Crafton to obtain expert testimony in his favor. Judge Van

1

Tatenhove denied dismissal on this claim on the basis that "Crafton has not yet had the opportunity to gather the expert testimony needed to establish that claim." D.E. 30 at 5. Judge Van Tatenhove continued:

> The United States is correct that, under Kentucky law, which is applicable here, a plaintiff is generally required to put forth expert testimony to establish the relevant standard of care, any breach of that standard, causation, and the resulting injury. *See Blankenship v. Collier*, 302 S.W.3d 665, 667, 675 (Ky. 2010); *Jackson v. Ghayoumi*, 419 S.W.3d 40, 45 (Ky. Ct. App. 2012). Moreover, the Kentucky courts have clearly said that, "[t]o survive a motion for summary judgment in a . . . case in which a medical expert is required, the plaintiff must produce expert testimony or summary judgment is proper." *Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. Ct. App. 2006). As the United States points out, Crafton has not yet provided expert testimony to support his claim.
>
> The United States is also correct that the "common knowledge" exception to the expert witness rule would likely not apply to Crafton's claim. That is because the exception only applies in situations in which "any layman is competent to pass judgment and conclude from common experience that such things do not happen if there has been proper skill and care." *Id.* In fact, the exception is "illustrated by cases where the surgeon leaves a foreign object in the body or removes or injures an inappropriate part of the anatomy." *Id.* This case, involving specific questions about the timing, type, and adequacy of medical treatment, does not appear to be as clear cut. Thus, Crafton may need expert testimony to establish his claim.

*Id*. at 5-6.

Judge Van Tatenhove then referred this matter to the undersigned "to conduct all further pretrial proceedings, including overseeing discovery and preparing proposed findings of fact and recommendations on any future dispositive motions." D.E. 30 at 7. On February 2, 2021, the undersigned entered a scheduling order that governed discovery and the briefing of dispositive motions. D.E. 32. On June 4, 2021, Crafton filed a change-of-address notice indicating he had moved to a halfway house in Memphis, Tennessee. D.E. 39.

On July 2, 2021, the government filed a timely motion to dismiss or, in the alternative, for summary judgment. D.E. 40. The Court informed Crafton that any response was due by

2

August 2, and warned him: "**A failure to respond may result in granting the motion and entry of judgment in Defendant's favor.**  *See* Joint Local Civil Rule 7.1.(c) ("Failure to timely respond to a motion may be grounds for granting the motion.")."  D.E. 41.  Crafton did not file a timely response.  The Court construes the government's motion as one for summary judgment.

### I. Crafton's Failure to Respond to the Government's Motion

When a party "fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."  *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision); *see also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in the defendants' motion to dismiss is grounds for the district court to assume that opposition to the motion is waived).  Joint Local Civil Rule 7.1(c) also provides that a failure to file a response in accordance with a court's scheduling order may be grounds for granting a motion for summary judgment.

Here, Crafton has filed no timely response nor a request for an extension of the August 2, 2021 deadline.  The Court may therefore grant the government's motion based on the lack of response.

However, in granting a motion that will dispose of a claim, courts should make certain that a moving party has satisfied its burden under the Federal Rules.  "[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded.  The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden."  *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).  The Court will therefore briefly address the merits of Crafton's FTCA medical negligence claim.

## II. Crafton's Medical Negligence Claim

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Parties moving for summary judgment are not required to put forth affirmative evidence to negate the existence of elements required by the non-moving party's claim. *Id.* at 324. It is sufficient for a moving party to merely state that there is an absence of evidence supporting the non-moving party's claim. *Id.* Once this is done, it then becomes the responsibility of the non-moving party to provide evidence which establishes an actual issue for trial. *See Employers Ins. Of Wausau v. Petroleum Specialties, Inc.*, 69 F.3d 98, 102 (6th Cir. 1995). The Court must grant summary judgment if the evidence would not support a jury verdict for the responding party with respect to at least one essential element of his claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Here, even accepting as true all of Crafton's factual allegations, his FTCA medical negligence claim fails as a matter of law due to his failure to establish the applicable duty of care using expert testimony, as required by Kentucky law.

In *United States v. Muniz*, 374 U.S. 150 (1963), the Supreme Court held that the FTCA applies to federal inmates' claims alleging personal injuries sustained—while incarcerated—as a result of the negligence of government employees. Liability under the FTCA is generally determined by the law of the state where the alleged injury occurred. *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995). An FTCA claim may be asserted only against the United States. 28 U.S.C. § 2674; *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009).

Under Kentucky negligence law, including medical negligence, the Plaintiff must establish the following elements: (1) a duty of care; (2) breach of that duty; (3) actual injury, and (4) the injury was proximately caused by the negligence. *Grubbs ex rel. Grubbs v. Barbourville Family Health Ctr., P.S.C.*, 120 S.W.3d 682, 687-88 (Ky. 2003), *as amended* (Aug. 27, 2003); *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1997).

"Under Kentucky law, a plaintiff alleging medical malpractice is generally required to put forth expert testimony to show that the defendant medical provider failed to conform to the standard of care." *Blankenship v. Collier*, 302 S.W.3d 665, 670 (Ky. 2010); *accord Green v. Owensboro Med. Health Sys., Inc.*, 231 S.W.3d 781, 783 (Ky. Ct. App. 2007). "[T]he plaintiff in a medical negligence case is required to present expert testimony that establishes (1) the standard of skill expected of a reasonably competent medical practitioner and (2) that the alleged negligence proximately caused the injury." *Andrew v. Begley*, 203 S.W.3d 165, 170 (Ky. Ct. App. 2006). Expert testimony demonstrating "the standard of care recognized by the medical community as applicable to the particular defendant" is necessary to establish a prima facie case of medical negligence. *Sandler v. United States*, No. 6:11-CV-206-GFVT, 2013 WL 5468493, at *6 (E.D. Ky. Sept. 30, 2013) (quoting *Heavrin v. Jones*, No. 02-CA-16-MR, 2003 WL 21673958, at * 1 (Ky. Ct. App. July 18, 2003)). "It is the Plaintiff's burden to find a doctor who will testify to the standard of treatment of each condition and testify that in his or her expert opinion, the standard was breached by the federal employee(s) in this case." *Id.* (quoting *Hernandez v. United States,* No. 5:08-CV-195-KSF, 2009 WL 1586809, at *6 (E.D. Ky. June 5, 2009)); *see also Partin v. Tilford*, No. 5:13-CV-193-CRS, 2016 WL 3212248, at *2 (W.D. Ky. June 7, 2016) (granting summary judgment when plaintiff failed to establish "what a proper [treatment] entails"); *Smith v. Rees*, No. 5:07-CV-180-TBR, 2011 WL 3236635, at *3 (W.D. Ky.

5

July 28, 2011) (requiring expert testimony to establish the standard of care); *Beard v. United States*, No. 5:08-CV-105-KSF, 2009 WL 305893, at *7-9 (E.D. Ky. Feb. 6, 2009) (granting summary judgment when plaintiff offered no expert proof establishing the standard of care); *Hitch v. St. Elizabeth Med. Ctr., Inc.*, No. 2014-CA-1361-MR, 2016 WL 1557734, at *2 (Ky. Ct. App. Apr. 15, 2016) (granting summary judgment when the expert "make no statement to indicate what the standard of care is"); *Tackett v. Appalachian Reg'l Healthcare, Inc.*, No. 2007-CA-720-MR, 2008 WL 2779528, at *2-4 (Ky. Ct. App. July 18, 2008) (granting summary judgment when the plaintiff's expert "failed to produce evidence as to the medical standard of care at issue").

Exceptions to this expert-testimony rule exist, including "*res ipsa loquitur* cases" and cases where the physician admitted negligence. *Blankenship*, 302 S.W.3d at 670. As Judge Van Tatenhove noted, neither exception appears to fit the alleged facts of this case. D.E. 30 at 6. Judge Van Tatenhove said, "This case, involving specific questions about the timing, type, and adequacy of medical treatment, does not appear to be as clear cut [as a *res ipsa loquitur* case]. *Id*. Crafton has made no argument to the contrary, and the undersigned agrees this case does not present a *res ipsa loquitur* situation.

Judge Van Tatenhove previously instructed Crafton that proving his medical negligence claim requires expert testimony. D.E. 30 at 5-6. But no expert testimony has been supplied. The government accordingly asserts the record contains no evidence to support a finding under Kentucky law that the standard of care was violated in Crafton's case. D.E. 40-1. As Rule 56(c) makes clear, to counter the government's assertion, Crafton must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

admissions, interrogatory answers, or other [such] materials." Fed. R. Civ. P. 56(c)(1)(a). Crafton has cited to no such evidentiary materials. Given that there is no genuine issue of material fact as to the standard of care, the government's summary judgment motion should be granted.

### III. Conclusion

The undersigned **RECOMMENDS** that the government's motion for summary judgment (D.E. 40) be **GRANTED**. The Court directs the parties to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 23rd day of August, 2021.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge